**SIGNED THIS: June 25, 2012**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| STEPHEN C. ZAHOS, | ) Bankruptcy Case No. 11-91275 |
| | ) |
| Debtor. | ) |
| FIRST STATE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adversary Case No. 12-9007 |
| | ) |
| STEPHEN C. ZAHOS, | ) |
| | ) |
| Defendant. | ) |

OPINION

This matter having come before the Court for trial on an Adversary Complaint filed by Plaintiff, First State Bank; the Court, having heard sworn testimony and arguments of counsel, having reviewed written memoranda of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

<u>Findings of Fact</u>

The material facts in this matter are not in dispute and are in pertinent part as follows:

1. The Debtor/Defendant filed for relief under Chapter 7 of the Bankruptcy Code on July 5, 2011.

2. The Plaintiff in the above-captioned adversary proceeding, First State Bank, was scheduled by the Debtor/Defendant as a secured creditor having a debt in the amount of $52,361.93. The record of this proceeding reflects that the First State Bank held a lien on the assets of the Debtor, including his stock in Amateur Associates, Inc. and the assets of that entity.

3. On October 7, 2011, a Reaffirmation Agreement was filed between the Debtor/Defendant and First State Bank in the amount of $50,097.49.

4. Discharge was entered in favor of the Debtor/Defendant on November 2, 2011, and an Order was entered closing the Debtor/Defendant's bankruptcy case on November 18, 2011.

5. On his own, the Debtor/Defendant executed a letter to Plaintiff, at its Champaign, Illinois, location, stating "be advised that I have elected to rescind my reaffirmation of the guaranty of said loan with First State Bank," referring to the loan from the First State Bank of Amateur Associates, Inc.

6. The letter in question bears a date of December 6, 2011, while the post-mark on the envelope containing the letter bears the date of December 14, 2011.

7. At trial on June 20, 2012, the witness for First State Bank testified that the envelope bearing the post-mark of December 14, 2011, containing the letter dated December 6, 2011, was received at the Plaintiff's Champaign, Illinois, branch on December 15, 2011. There was no dispute as to this factual testimony.

8. The parties agree that the Reaffirmation Agreement subject to this proceeding was not filed with a cover sheet as prescribed by Rule 4008(a) of the Federal Rules of Bankruptcy Procedure.

Conclusions of Law

It is stated under 11 U.S.C. § 524(c)(4) that:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if -- . . .

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

Under the undisputed facts of this case, it is clear that the Debtor/Defendant failed to give notice to the Plaintiff of his intent to rescind the Reaffirmation Agreement filed with the Court on October 7, 2011, in a timely manner. Pursuant to 11 U.S.C. § 524(c)(4), in order for the Debtor/Defendant's notice to rescind to be effective, it would have had to be received by the Plaintiff, First State Bank, on or before December 7, 2011, and the undisputed facts clearly establish that such was not the case.

While not disputing the clear facts that establish that the notice to rescind was untimely, the Debtor/Defendant argues that the Reaffirmation Agreement in question was invalid and unenforceable by virtue of the fact that it was not filed with a cover sheet as prescribed by Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Rule 4008(a) states:

(a) FILING OF REAFFIRMATION AGREEMENT. A reaffirmation agreement shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code. The reaffirmation agreement shall be accompanied by a cover sheet, prepared as prescribed by the appropriate Official Form. The court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement.

While no reported cases have been found concerning the requirement to file a cover sheet found in the second sentence of Rule 4008(a), the Court notes that there are numerous cases dealing with the first sentence of Rule 4008(a), and those case uniformly require strict compliance with the unambiguous language of the rule. See: In re Perkins, 418 B.R. 680 (Bankr. M.D. N.C. 2009; and In re Schmidt, *cited* 2009 W L 587690. As with the requirement in the first sentence

of Rule 4008(a), the second sentence, concerning the filing of a cover sheet, also states that, "The reaffirmation agreement *shall* be accompanied by a cover sheet . . ." (emphasis added.)  As with the requirement found in the first sentence of Rule 4008(a), the Court finds that the language of the second sentence requiring the filing of a cover sheet with a reaffirmation agreement is unambiguous.  By use of the word "shall" it is clear that the drafters intended the filing of a cover sheet with a reaffirmation agreement to be mandatory.  Given the clear meaning of the provisions of Rule 4008(a) and the logic of cases interpreting the 60 day filing requirement, this Court must conclude that, as with the failure to file reaffirmation agreements within the 60 day time period, the failure to file a reaffirmation agreement without a cover sheet renders the reaffirmation agreement invalid and unenforceable.

###